UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES BURCHAM and GRADY HILL, ON BEHALF OF THEMSELVES AND THOSE SIMILARLY SITUATED, | CASE NO.: 2:17-CV-00115 |
| | JUDGE: |
| | MAGISTRATE JUDGE: |
| Plaintiffs, | |
| vs. | |
| TAUBRA CORP., AN OHIO CORPORATION, D/B/A MERCURY SERVICE, | Jury Demand Endorsed Hereon |
| Defendant. _____/ | |

## CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JAMES BURCHAM and GRADY HILL, on behalf of themselves and those similarly situated, by and through the undersigned attorneys, sue the Defendant, TAUBRA CORP., d/b/a MERCURY SERVICE, and allege:

1. Plaintiffs and other courier drivers were misclassified as independent contractors by Defendant under the FLSA and Ohio law. As a result of this misclassification, these drivers are not paid overtime wages nor are they guaranteed appropriate minimum wages for their work performed in violation of the Fair Labor Standards Act and Ohio law. Each of these similarly situated drivers are paid under a uniform system and misclassified as independent contractors. As a result of this pay practice, these misclassified drivers have not been paid any overtime wages

1

whatsoever for their overtime hours worked and also have not been paid the appropriate minimum wages in some weeks worked by them.

2. Plaintiffs bring this action under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and Ohio law. This action seeks appropriate monetary and equitable relief for unpaid overtime compensation, unpaid minimum wages, liquidated damages, and other relief under the FLSA, 29 U.S.C. § 216(b), the Ohio Constitution Article II Section 34(a), the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4111.01, et seq., and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15.

<u>General Allegations</u>

3. Plaintiffs worked as delivery drivers within the last three years for Defendant out of its Columbus, Ohio location.

4. Plaintiff Burcham worked for Defendant from approximately May 2014 to January 2017 out of Defendant's Columbus location.

5. Plaintiff Hill worked for Defendant from approximately 2008 or 2009 until September 2016 out of Defendant's Columbus location.

6. Plaintiffs and those similarly situated delivery drivers were classified as independent contractors and were paid by job/route.

7. Defendant, TAUBRA CORPORATION, d/b/a MERCURY SERVICE, is an Ohio Corporation that operates and conducts business in, among other locations, Columbus, Ohio and is therefore within the jurisdiction of this Court.

8. Defendant operates a delivery/courier service which delivers items

2

within Ohio, and even to Kentucky, Indiana, West Virginia and Pennsylvania. *See* www.mercuryservice.com.

9. This action is brought under the FLSA, the Ohio Constitution Article II Section 34(a), the OMFWSA, and OPPA to recover from Defendant overtime compensation, minimum wages, liquidated damages, additional damages, and reasonable attorneys' fees and costs. This action is intended to include each and every delivery driver classified as an independent contractor who worked for Defendant at any time within the past three (3) years companywide.

10. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

11. This Court has supplemental jurisdiction over Plaintiffs' OMFWSA, Ohio law, and Ohio Constitutional claims pursuant to 28 U.S.C. §1367.

12. At all material times relevant to this action, Defendant earned more than $500,000.00 per year in gross sales.

13. Within the last three years, Defendant also each employed at least two employees engaged in interstate commerce or who handled goods, materials or supplies which had travelled in interstate commerce.

14. Such goods, materials and supplies include vehicles, telephones, computers, office equipment and furniture, and other items which originated from outside the state of Ohio.

15. Therefore, Defendant is an enterprise covered by the FLSA, and as

defined by 29 U.S.C. §203(r) and 203(s).

16. Additionally, Plaintiffs and those similarly situated employees were engaged in interstate commerce during their employment with Defendant as a result of routine and daily transportation of goods and materials which had travelled in interstate commerce.

17. Plaintiffs and those similarly situated employees' job duties included delivering packages and picking up packages to/from Defendant's customers.

### Allegations Regarding Defendant's Illegal Pay Policies and Practices

18. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209, Ohio Constitution, Article II § 34(a), OMFWSA, O.R.C. §4111.01, *et seq.,* and the OPPA because Plaintiffs and those similarly situated delivery drivers performed work for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs and those similarly situated delivery drivers for those hours in excess of forty (40) within a work week and to ensure that they received at least the minimum wage.

19. Defendant operates a delivery service throughout the Midwest, with their main operations out of Dayton, Ohio and operating other locations in Columbus, Ohio, among other locations in Ohio and elsewhere.

20. To service its customers, Defendant hires "independent contractor" drivers to accomplish the deliveries its clients request.

21. Because Defendant classifies its drivers as independent contractors, Defendant does not pay overtime compensation for overtime hours worked to these

4

delivery drivers.

22. Defendant also does not ensure that Plaintiffs and the other delivery drivers are paid the minimum wage for each and every week worked.

23. Defendant has misclassified Plaintiffs and these other delivery drivers as independent contractors.

24. Defendant requires its delivery drivers execute agreements which designate the drivers as independent contractors.

25. However, the economic reality is that Plaintiffs and these delivery drivers are/were economically dependent upon Defendant.

26. Defendant maintains extensive control over Plaintiffs and the other delivery drivers who work for Defendant.

27. Defendant maintained exclusive control over the rates charged its customers for deliveries.

28. Plaintiffs could not negotiate higher or lower rates with these customers.

29. Defendant maintained exclusive control over the percentage that each driver received as compensation.

30. Defendant maintained exclusive control over the amount of compensation received by Plaintiffs and other delivery drivers.

31. Defendant maintained exclusive control over all other fees, including uniform and phone fees, charged to Plaintiffs sand the other drivers.

32. Defendant assigned work to Plaintiffs.

33. Defendant assign work to other delivery drivers.

34. Defendant would direct Plaintiffs to pick up and drop off deliveries to Defendant's customers.

35. Defendant directs its other delivery drivers to pick up and drop off deliveries to Defendant' customers.

36. During their employment with Defendant, Plaintiffs and the other delivery drivers were not allowed to transport deliveries for competitors of Defendant.

37. Customers of Defendant paid Defendant directly for deliveries.

38. Customers of Defendant do not regularly give payment to Plaintiffs or other delivery drivers.

39. Defendant required Plaintiffs and other delivery drivers to wear a uniform.

40. Defendant would assign Plaintiffs and other delivery drivers to certain routes Defendant had established.

41. Plaintiffs and other delivery drivers were not allowed to leave these routes without express permission from Defendant.

42. Plaintiffs and other delivery drivers typically worked for Defendant "full-time."

43. Plaintiffs and other delivery drivers worked for Defendant for months or even years continuously.

44. Plaintiffs and other delivery drivers were not allowed to let any other persons ride with them while performing their duties for Defendant.

45. Plaintiffs and other delivery drivers did not do any marketing or advertising on behalf of Defendant.

46. Defendant utilized its own different employees to market and advertise for Defendant' services.

47. Periodically, Defendant would publish memorandums and guidelines to Plaintiffs and its other delivery drivers, which they were then required to follow.

48. Defendant has employed and continues to employ other individuals as independent contractor delivery drivers who performed the same or similar job duties under the same pay provision as Plaintiffs.

49. The additional persons who may become plaintiffs in this action are other delivery drivers who were misclassified as independent contractors and who held positions similarly situated to Plaintiffs and who did not receive minimum wages or overtime compensation.

50. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiffs and other delivery drivers are in the possession and custody of Defendant.

## Class Action Allegations

51. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (3) of the Federal Rules of Civil Procedure.

52. Application of Defendant's illegal pay practices does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum and

overtime wages applies to all class members. Accordingly, the class members are defined as:

> **All delivery drivers classified as independent contractors who worked for Defendant within the last three years who were not paid at least minimum wage for some hours worked and/or who were not compensated at time-and-one half for some hours worked in excess of forty hours in one or more workweeks.**

53. Pursuant to the OMFWSA. OPPA, and the Ohio Constitution, Plaintiffs bring their claims on behalf of all persons that Defendant employed at any time from three years prior to the filing of this complaint to the entry of judgment in this case (the "Class Period").

54. Plaintiffs bring this claim on behalf of all class members within the meaning of the OMFWSA that were not paid at least minimum wage for each hour worked and/or were not paid at one and a half times their normal hourly rate for each hour worked in excess of forty per week ("the Class").

55. The people identified in the Class are so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which that number can be ascertained are presently within the sole control of Defendant. Upon information and belief, there are over one hundred members of the Class during the Class Period.

56. Plaintiffs' claims are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where

individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

57. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

58. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in wage and hour actions.

59. Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

60. There are questions of law and fact common to the Class, which predominate over any questions solely affecting the individual members of the Class. These questions include but are not limited to:

a. Whether Defendant employed members of the Class within the meaning of the OMFWSA and Article II, Section 34(a) of the Ohio Constitution;

b. Whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class;

c. What proof of hours worked is sufficient where employers fail in their duty to maintain records;

d. Whether Defendant failed and/or refused to pay the members of the Class at least minimum wages for all hours Defendant suffered or permitted them to work;

    e. Whether Defendant failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the OMFWSA;

    f. Whether Defendant misclassified Plaintiffs and other class member as independent contractors;

    g. Whether Defendant is liable for all damages claimed hereunder, including but not limited to, double damages, treble damages, costs, disbursements, and attorney's fees; and

    h. Whether Defendant should be enjoined from such violations of the OMFWSA and Article II, Section 34(a) of the Ohio Constitution.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

61. All preceding paragraphs are fully re-alleged and incorporated herein.

62. Plaintiffs and those similarly situated delivery drivers are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

63. During their employment with Defendant, Plaintiffs and those similarly situated delivery drivers were misclassified as independent contractors and were not paid overtime compensation for overtime hours worked in violation of the FLSA.

64. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs and those similarly situated delivery drivers overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs and those similarly situated delivery drivers have

10

suffered damages plus incurring reasonable attorneys' fees and costs.

65. Defendant did not have a good faith basis for its decision to classify Plaintiffs and other delivery drivers as independent contractors.

66. As a result of Defendant's willful violation of the FLSA, Plaintiffs and those similarly situated delivery drivers are entitled to liquidated damages.

67. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, JAMES BURCHAM and GRADY HILL, on behalf of themselves and those similarly situated, demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)

68. All preceding paragraphs are fully re-alleged and incorporated herein.

69. Plaintiffs and those similarly situated delivery drivers are/were entitled to be paid the minimum wage for each hour worked per week.

70. During their employment with Defendant, Plaintiffs and those similarly situated delivery drivers were misclassified as independent contractors and were not paid the minimum wage for each week of work performed in violation of the FLSA.

71. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs and those similarly situated delivery drivers minimum wages for each hour worked in one or more work weeks, Plaintiffs and those similarly

situated delivery drivers have suffered damages plus incurring reasonable attorneys' fees and costs.

72. Defendant did not have a good faith basis for its decision to classify Plaintiffs and other delivery drivers as independent contractors.

73. As a result of Defendant's willful violation of the FLSA, Plaintiffs and those similarly situated delivery drivers are entitled to liquidated damages.

74. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, JAMES BURCHAM and GRADY HILL, on behalf of themselves and those similarly situated, demand judgment against Defendant for the payment of all unpaid minimum wages for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - RECOVERY OF OVERTIME COMPENSATION (OHIO LAW)

75. All preceding paragraphs are fully re-alleged and incorporated herein.

76. Plaintiffs and those similarly situated delivery drivers are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

77. During their employment with Defendant, Plaintiffs and those similarly situated delivery drivers were misclassified as independent contractors and were not paid overtime compensation for overtime hours worked in violation of the OMFWSA.

78. As a result of Defendant's intentional, willful and unlawful acts in

refusing to pay Plaintiffs and those similarly situated delivery drivers overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs and those similarly situated delivery drivers have suffered damages plus incurring reasonable attorneys' fees and costs.

79. Defendant did not have a good faith basis for its decision to classify Plaintiffs and other delivery drivers as independent contractors.

80. Additionally, by not paying Plaintiffs and those similarly situated their overtime rate for time worked in excess of forty hours in a work week, Defendant has violated the OMFWSA, thus Plaintiffs and those similarly situated are entitled to damages.

81. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, JAMES BURCHAM and GRADY HILL, on behalf of themselves and those similarly situated, demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, interest, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV - RECOVERY OF MINIMUM WAGES (OHIO LAW)

82. All preceding paragraphs are fully re-alleged and incorporated herein.

83. Plaintiffs and those similarly situated delivery drivers are/were entitled to be paid the minimum wage for each hour worked per week.

84. Ohio's current regular minimum wage is $8.15 per hour.

85. During their employment with Defendant, Plaintiffs and those similarly situated delivery drivers were misclassified as independent contractors and were not always paid the minimum wage for each week of work performed in violation of the Ohio Constitution, Article II § 34(a).

86. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs and those similarly situated delivery drivers minimum wages for each hour worked in one or more work weeks, Plaintiffs and those similarly situated delivery drivers have suffered damages plus incurring reasonable attorneys' fees and costs.

87. Defendant did not have a good faith basis for its decision to classify Plaintiffs and other delivery drivers as independent contractors.

88. As a result of Defendant's willful violation of the law, Plaintiffs and those similarly situated delivery drivers are entitled to additional damages of two times the unpaid wages.

89. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, JAMES BURCHAM and GRADY HILL, on behalf of themselves and those similarly situated, demand judgment against Defendant for the payment of all unpaid minimum wages for which Defendant did not properly compensate, damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT V – FAILURE TO MAINTAIN WAGE AND HOUR RECORDS (OHIO LAW)

90. All preceding paragraphs are fully re-alleged and incorporated herein.

91. Article II, Section 34(a) of the Ohio Constitution requires employers to maintain records for each employee showing that employee's name, address, occupation, pay rate, hours worked for each day worked, and each amount paid to an employee for a period of not less than three years following the last date that the employee was employed.

92. Defendant failed and continues to fail to maintain proper records as mandated by Article II, Section 34(a) of the Ohio Constitution.

93. As a result of Defendant's failure to create, keep, and preserve proper wage and hour records, Plaintiffs and those similarly situated delivery drivers have suffered damages plus incurring reasonable attorneys' fees and costs.

94. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, JAMES BURCHAM and GRADY HILL, on behalf of themselves and those similarly situated, demand judgment against Defendant for the payment of all damages resulting from Defendant's failure to keep and maintain wage and hour records, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT VI – FAILURE TO TENDER PAY BY REGULAR PAY DAY (OHIO LAW)

95. All preceding paragraphs are fully re-alleged and incorporated herein.

96. At all relevant times, Defendant failed and continues to fail to make wage payments to Plaintiffs and those similarly situated class members, as outlined above, within 30 days of when such payments were due.

97. As a result of Defendant's failure to timely pay wages, Plaintiffs and those

similarly situated delivery drivers have suffered damages.

98. Defendants have no reasonable basis to contest that they are obligated to pay wages mandated by the FLSA, the OMFWSA, and/or Article II, Section 34a of the Ohio Constitution.

99. As a result, Plaintiffs and those similarly situated delivery drivers are entitled to liquidated damages of the greater of $200 per violation or 6% of the total unpaid wages.

100. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, JAMES BURCHAM and GRADY HILL, on behalf of themselves and those similarly situated, demand judgment against Defendant for the payment of all damages resulting from Defendant's failure to timely pay wages, liquidated damages, costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 7th day of February, 2017.

/s/ Andrew Kimble
C. Ryan Morgan, Esq. (*pro hac vice application forthcoming*)
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 425-8171
Email: RMorgan@forthepeople.com
Attorneys for Plaintiffs

-and-

Andrew Biller, Esq.
OBN 0081452
Eric Kmetz, Esq.
OBN 0092369
Andrew Kimble, Esq.
OBN 0093172
Markovits, Stock & DeMarco LLC
Easton Town Center
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 583-8107
Email:  abiller@msdlegal.com
 ekmetz@msdlegal.com
 akimble@msdlegal.com

Attorneys for Plaintiffs

# JURY DEMAND

Plaintiffs hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Andrew Kimble
Andrew Kimble