UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

James Burcham, *et al.*,

          Plaintiffs,          Case No. 3:17-cv-168

v.          Judge Thomas M. Rose

Taubra Corp. an Ohio Corporation, D/B/A Mercury Service, *et al.*,

          Defendant.

---

**ENTRY AND ORDER APPROVING SETTLEMENT (ECF 51).**

---

This matter is before the Court on the parties' Joint Motion for Approval of Settlement, ECF 51, which seeks the Court's approval of their Settlement Agreement (ECF 51) resolving Plaintiffs' claims. Because Plaintiffs' complaint includes claims filed under the Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Court approval is required. For the reasons that follow, the settlement will be approved and the parties' joint motion granted.

**I.    APPLICABLE LAW**

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington–Fayette Urban Cnty. Gov.*, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202). The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract

1

or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to 29 U.S.C. § 216(b). *Id.* *2.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)). The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. See generally *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)). In class actions, the court should also consider the opinion of class counsel and class representatives and the reaction of absent class members. *Id.*

## II. ANALYSIS

In the present case the terms of the proposed Settlement Agreement are fair. A genuine good faith dispute existed over whether Plaintiffs were properly classified as independent contractors; the number of overtime hours allegedly worked; whether a two or three-year statute of limitations applied; and whether any liquidated damages were appropriate. The Parties agreed to the payment of an amount that they found to be proportional to the likelihood of success for each party estimated if this matter were to proceed through trial. Since this matter was a conditional collective action, Defendants have settled with all Plaintiffs. The settlement amounts for each Plaintiff are different because of the differing estimates of weekly hours worked by each of the Plaintiffs. The agreement resolves potential claims to liquidated damages.

The settlement includes payment of the Plaintiffs' responsibilities for attorney fees and costs. The FLSA, directs the Court, in addition to any judgment awarded to plaintiffs, to allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. 29 U.S.C. § 216(b). Self-Reliance has agreed to pay the Plaintiffs' attorneys fees and costs in the amount of $37,500.00. The determination of a reasonable fee is reached through an evaluation of multiple factors, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees. *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984). The purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (quoting *United Slate*, 732 F.2d at 502). "Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of

attorney fees [in a FLSA case] encourage[s] the vindication of congressionally identified policies and rights. *Fegley*, 19 F.3d at 1135 (quoting *United Slate*, 732 F.2d at 503). The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).

The Court finds that (1) the settlement provides a substantial benefit as demonstrated by the individual Plaintiffs signing the Settlement Agreement and that they are recovering wages for their work; (2) the value of the legal services outweigh the fees agreed upon by the parties because of the significant briefing and motion practice in this case, including winning conditional certification, defeating a motion to change venue, and successfully obtaining leave to amend the Complaint. As a result, the Court finds the fees and costs sought in this case appropriate.

As the settlement provides Plaintiffs the relief to which they are entitled under the Fair Labor Standards Act, the Court **APPROVES** the settlement of Plaintiffs' claims and the Court **DISMISSES** the Complaint with prejudice. The instant case is **TERMINATED** from the dockets of the United States District Court, Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, August 13, 2018.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE